UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANDREW E. GRAYBEAL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 3:04-CV-274 |
| ) | (VARLAN/SHIRLEY) |
| CHESTERFIELD FINANCE COMPANY and ) | |
| BOOKKEEPING SERVICES COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Andrew Graybeal alleges that he was wrongfully discharged from his position as a manager with defendant Chesterfield Finance Company ("Chesterfield") when he refused to participate in or keep quiet about what he believed was defendants' illegal activity. *See* Doc. 1. Plaintiff alleges that defendants Chesterfield and co-defendant Bookkeeping Services Company ("Bookkeeping") directed him to begin issuing unsolicited loans to prospective customers by mail by signing the individual's name to a loan contract and sending a blank contract along with a check for the loan proceeds to the individual. *See id.* at 4-5. Plaintiff alleges that when he expressed concern about the legality of such activities, he was discharged. *See id.* at 6. Defendants have generally denied the allegations. *See* Docs. 4, 7.

This civil action is now before the Court for consideration of defendant Chesterfield's two motions for summary judgment. *See* Docs. 34, 35. In its first motion for summary judgment [Doc. 34], Chesterfield contends that there is no genuine issue of disputed material

fact and it is entitled to judgment as a matter of law with respect to plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because plaintiff has failed to satisfy RICO's standing requirement. *See* Doc. 38 at 7. In response to this motion, plaintiff does not oppose dismissal of his RICO claim. *See* Docs. 43 at 1, 44 at 1. In its second motion for summary judgment [Doc. 35], Chesterfield contends that it is entitled to judgment as a matter of law because there is not complete diversity of citizenship among the parties, which deprives the Court of diversity jurisdiction to hear plaintiff's state law claims. *See* Doc. 38 at 10. In response to this motion for summary judgment, plaintiff argues that the Court should exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See* Docs. 43 at 1, 44 at 1-2.

For the reasons discussed herein, defendant's motion for summary judgment as to the RICO claim will be granted, and the Court will decline to exercise its supplemental jurisdiction over plaintiff's state law claims against Chesterfield. Consequently, Chesterfield will be dismissed from further proceedings in this case.

**I.     Relevant Facts**

Plaintiff is a citizen of Tennessee. *See* Doc. 1 at 2. He was employed as a manager with Chesterfield. *See id.* at 3. Plaintiff alleges that he was instructed to begin issuing unsolicited loans to prospective customers by mail by signing the individual's name to a loan contract and sending a blank contract along with a check for the loan proceeds to the individual. *See id.* at 4-5. Plaintiff believed that the instructions required him to engage in

2

illegal activity, and he discussed his concerns with his employers. *See id.* at 5-6. Shortly after expressing his concerns, plaintiff was discharged. *See id.* at 6.

Chesterfield is an unincorporated partnership. *See* Doc. 35-3 at 4. Jim Tidwell, one of its partners for whom plaintiff worked, is a citizen of Tennessee. *See id.* at 2. Plaintiff filed the instant action against Chesterfield and Bookkeeping alleging various state law claims as well as racketeering pursuant to the federal RICO statute. *See* Doc. 1 at 1. Plaintiff alleges that he was wrongfully discharged when he refused to participate in defendants' alleged racketeering activity. *See id.* at 6-9. Plaintiff also claims that the damages he has suffered are the result of the discharge from his employment. *See* Doc. 35-2 at 3-4.

Chesterfield has filed two motions for summary judgment. *See* Docs. 34, 35. Plaintiff has responded. *See* Docs. 43, 44. Accordingly, the motions are ripe for disposition.

**II.    Discussion**

    A.    <u>RICO Claim</u>

Chesterfield has styled both its dispositive motions as "motions for summary judgment." See Docs. 34, 35. Motions for summary judgment are made pursuant to Fed. R.Civ. P. 56, but as will be more fully discussed later, only Chesterfield's motion for summary judgment regarding plaintiff's RICO claims may be considered a motion for summary judgment pursuant to Rule 56. With that in mind, the Court will briefly review the summary judgment standard.

Under Rule 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to

3

judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function in considering a motion for summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

RICO provides a civil enforcement scheme that permits "[a]ny person injured in his business or property by reason of a violation of section 1962 . . ." to bring a civil action for treble damages and attorneys' fees. 18 U.S.C. § 1964. Under this framework, a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his

4

business or property by the conduct constituting the violation . . . . A defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured." *Sedima v. Imrex Co.*, 473 U.S. 479, 495-97 (1985), *quoted in Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 154 (6th Cir. 1990) (internal quotations omitted).

In the instant action, Chesterfield argues that plaintiff has failed to satisfy the RICO standing requirement because there is no evidence that he suffered any injury arising from RICO-predicate conduct. *See* Doc. 38 at 7. In support of this argument, Chesterfield points to plaintiff's deposition testimony in which plaintiff states that his injuries arose from the loss of his job and not directly from any RICO-predicate conduct by Chesterfield. *See* Doc. 34-2. In light of plaintiff's testimony, Chesterfield argues there is no genuine issue of disputed material fact and, viewing the evidence in the light most favorable to plaintiff, Chesterfield is entitled to judgment as a matter of law. *See* Doc. 38 at 8. Plaintiff concedes that Chesterfield's argument is correct. *See* Docs. 43 at 1, 44 at 1.

The Court has carefully reviewed plaintiff's testimony, and agrees with the parties. Viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of disputed material fact and Chesterfield is entitled to judgment as a matter of law with respect to plaintiff's RICO claim. *See* Fed. R. Civ. P. 56(c). Accordingly, plaintiff's RICO claim against Chesterfield will be dismissed.

B.  Diversity Jurisdiction

In Chesterfield's second motion for summary judgment, it argues that the Court lacks subject matter jurisdiction. *See* Doc. 35 at 1-2. Although styled a motion for summary judgment, a suggestion that the Court lacks subject matter jurisdiction is more properly made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) at this stage of the proceedings.[1]

In analyzing a motion under Fed. R. Civ. P. 12(b)(1), the Court must make the distinction between Rule 12(b)(1) motions which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact. *Westinghouse Elec. Corp.*, 78 F.3d at 1134 (citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). With respect to a "facial attack," the basis of the challenge is not that the Court does not actually have jurisdiction over the case, but rather that a plaintiff has failed to faithfully recite all the jurisdictional predicates necessary for the Court to exercise subject matter jurisdiction over the matter. *Id.* at 1134; *see also Rudd v. Baker Furniture*, 967 F.Supp. 984, 988 (M.D. Tenn. 1997); *Dalton v. Jefferson Smurfit Corp.*, 979 F.Supp. 1187, 1193 (S.D. Ohio 1997). By contrast, a party who makes a "factual attack" is challenging the actual existence of the Court's jurisdiction over the matter, a defect that may

---

[1] There is an exception to this that does not apply here. "If the jurisdictional question is intertwined with the merits of the case, the issue should be resolved under 12(b)(6) or rule 56." *Wheeler v. Hardman*, 825 F.2d 257, 259 (10th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987) (citations omitted). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler*, 825 F.2d at 259).

6

exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *Westinghouse Elec. Corp.*, 78 F.3d at 1134.

If the motion to dismiss involves a "facial attack," the Court must consider the allegations contained in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. *Id*. In this scenario, the complaint should not be dismissed unless it appears beyond doubt that the plaintiff has failed to set forth any facts in the complaint which would provide the Court with jurisdiction. *Id. See also Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

When the motion to dismiss is based on a "factual attack," no presumptive truthfulness applies to the complaint's factual allegations and the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Westinghouse Elec. Corp.*, 78 F.3d at 1134. If the facts are in dispute, the Court can exercise wide discretion to consider affidavits, documents outside the complaint, and even conduct a limited evidentiary hearing. *Id*. Consideration of matters outside the pleadings, however, does not convert the Rule 12(b)(1) motion into a Rule 56 motion, as it would under a Rule 12(b)(6) motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986).

Where subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, there must be complete diversity among the parties. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). "A partnership, as an unincorporated association, has the citizenship of each of its members." *Safeco Ins. Co. of Am. v. City of White House,*

7

*Tenn.*, 36 F.3d 540, 544-55 (6th Cir. 1994) (citing *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39 (6th Cir. 1994)).

In the instant action, Chesterfield advances a factual attack by suggesting that the Court lacks subject matter jurisdiction because there is not complete diversity among the parties. *See* Doc. 35 at 1. Specifically, Chesterfield argues that plaintiff is a citizen of Tennessee and that Chesterfield, organized as a partnership, has a partner, Joe Tidwell, who is also a citizen of Tennessee. *See* Doc. 38 at 9 (citations omitted). Plaintiff concedes that there is a lack of complete diversity among the parties, but urges the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Docs. 43 at 1, 44 at 1-2. Chesterfield replies in opposition to the exercise of supplemental jurisdiction by arguing that there is a presumption against the exercise of supplemental jurisdiction when the federal claim establishing the basis for federal jurisdiction has been dismissed prior to trial. *See* Doc. 46 at 1.

The Court has carefully reviewed the deposition testimony of plaintiff and Mr. Tidwell, and agrees with the parties that there is not complete diversity of citizenship among the parties, thereby depriving the Court of subject matter jurisdiction over the claims against Chesterfield pursuant to 28 U.S.C. § 1332.

With regard to plaintiff's request that the Court exercise supplemental jurisdiction over the claims against Chesterfield pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c). Because the Court will dismiss

8

the only claim over which it has original jurisdiction in this case, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against Chesterfield.

**III.  Conclusion**

For the reasons just discussed, Chesterfield's motion for summary judgment as to plaintiff's RICO claim [Doc. 34] will be granted.  Likewise, Chesterfield's motion to dismiss based on a lack of subject matter jurisdiction [Doc. 35] will be granted.  Consequently, Chesterfield will be dismissed from further proceedings in this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE